**IN THE COURT OF APPEALS OF IOWA**

No. 19-1182
Filed September 11, 2019

**IN THE INTEREST OF P.R. and E.R.,**
**Minor Children,**

**S.M., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Adam D.
Sauer, District Associate Judge.


        A mother appeals the termination of her parental rights to her two minor
children. **AFFIRMED.**


        Richard N. Tompkins, Jr., Mason City, for appellant mother.

        Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant
Attorney General, for appellee State.

        Crystal Lo Ely of North Iowa Youth Law Center, Mason City, attorney and
guardian ad litem for minor children.


        Considered by Potterfield, P.J., and May and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the termination of her parental rights to her two minor children, P.R. and E.R.  On July 2, 2019, the district court terminated the mother's parental rights to both children under Iowa Code section 232.116(1)(e) and (h) (2019).  On July 8, the mother's attorney withdrew because of a family emergency, and the mother's current attorney was appointed to represent her. That attorney filed the notice of appeal within the ten-day period, and the petition by July 31.

On appeal, the mother does not dispute the statutory grounds for terminating her parental rights or that termination is in the children's best interest. Instead, she requests additional time for her attorney to receive the termination hearing transcripts and "present a full briefing of the case to the Court."  A failure to provide additional time, she argues, would violate her due process rights under the Iowa Constitution.  A panel of this court recently addressed this same argument and determined no due process violation occurs where an appellant in a termination case has a new attorney on appeal.  *See In re A.H.*, No. 19-0605, 2019 WL 3317411, at *2 (Iowa Ct. App. July 24, 2019) ("As a preliminary issue, we address the mother's argument that her due process rights were violated when the juvenile court granted trial counsel's motion to withdraw.  She contends that, because she is represented by different counsel on appeal, and because the termination transcript was not available prior to the petition deadline, her appellate counsel is necessarily ineffective.  The State argues the mother failed to preserve error on this issue because she neither appealed the order permitting counsel to withdraw nor asked the juvenile court to reconsider the order. . . .

[W]e see no reason why appellate counsel here could not obtain sufficient information by reviewing the court file, consulting with trial counsel, and discussing the case with the mother."); *see also In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015) ("Even in the extraordinary situation where trial counsel does not prepare the petition on appeal, the new attorney would most likely be able to consult with trial counsel and the client, as well as be able to review the court file." (quoting *L.M.*, 654 N.W.2d at 506)); *In re J.D.A.-F.*, 776 N.W.2d 879, 883 (Iowa Ct. App. 2009) ("[C]ounsel is not expected to exhaustively review the evidence at trial, nor must counsel cite to the record to demonstrate error. The petition is limited in content and directs the appellant to raise issues for appeal rather than arguing issues in a full appellate brief." (citations omitted)). We find the reasoning in *In re A.H.* persuasive, and we reject the mother's due process claims as they relate to her request for additional time to brief this case.

Alternatively, the mother argues the termination order should be reversed because the Iowa Department of Human Services failed to provide her with the court-ordered permanency plans, which she maintains violated her due process rights under the United States Constitution and Iowa Constitution. The mother waived this argument, however, by failing to raise it at the termination hearing. *See In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012) ("[T]he general rule that appellate arguments must first be raised in the trial court applies to [child-in-need-of-assistance] and termination of parental rights cases."); *In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for

appeal."). We agree with the State that the mother failed to preserve error on this claim, and we reject this due process claim as well.

Finally, the mother argues the district court abused its discretion by terminating the mother's parental rights without the "yardstick" of the permanency plans. Like the due process claim related to the permanency plans, the mother raises this issue for the first time on appeal. Even assuming this issue was properly preserved, we decline to address this contention. The entirety of this argument is one sentence that cites no authority. "[T]he 'random mention of this issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration.'" *In re H.E.*, No. 18-2078, 2019 WL 1487639, at *1 (Iowa Ct. App. Apr. 3, 2019) (quoting *Soo Line R.R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994)).

**AFFIRMED.**